## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 17 2017, 5:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Timothy P. Broden<br>Lafayette, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Larry D. Allen<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy J. Miles,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 17, 2017<br><br>Court of Appeals Case No.<br>79A02-1609-CR-2239<br><br>Appeal from the Tippecanoe<br>Superior Court.<br>The Honorable Steven P. Meyer,<br>Judge.<br>Trial Court Cause No.<br>79D02-1604-F6-373 |

**Barteau, Senior Judge**

# Statement of the Case

[1] Timothy J. Miles appeals his sentence upon his conviction of battery as a Level 6 felony.[1] We affirm.

# Issues

[2] Although Miles states that his sole contention on appeal is the inappropriateness of his sentence, he also challenges the aggravating factors found by the trial court. Thus, we address two issues in this appeal:

I.  Whether the trial court abused its discretion in sentencing Miles.

II.  Whether Miles' sentence is inappropriate in light of the nature of the offense and his character.

# Facts and Procedural History

[3] On March 17, 2016, eleven-year-old M.E. was waiting for the school bus when Miles, dressed all in black, approached her from behind, touched her buttocks, and ran away.

[4] Based upon this incident, the State charged Miles with battery as a Level 6 felony. At Miles' trial, the jury returned a verdict of guilty. The trial court later sentenced Miles to two years, with one and one-half years executed followed by direct placement to community corrections for six months.

---

[1] Ind. Code §35-42-2-1 (2014).

# Discussion and Decision

## I. Sentencing

[5] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* When imposing a sentence for a felony, a trial court must enter a sentencing statement including reasonably detailed reasons for imposing a particular sentence. *Id.* at 491. A trial court abuses its discretion when it fails to issue a sentencing statement, gives reasons for imposing a sentence that are not supported by the record, omits reasons clearly supported by the record and advanced for consideration, or considers reasons that are improper as a matter of law. *Id.* at 490-91.

[6] Miles begins by noting that a prior version of the battery statute required bodily injury to the victim in order to elevate the offense to a felony when it was committed by a person at least eighteen years of age upon a person less than fourteen years of age. *See* Ind. Code § 35-42-2-1 (2012). However, the act constituting an offense under a prior version of the statute is of no moment in this appeal. The time of a crime is selected as an act of free will by the offender. *Rondon v. State*, 711 N.E.2d 506, 513 (Ind. 1999). Therefore, the criminal, not the State, chooses which statute applies. *Id.* Accordingly, Miles is bound by the law in effect at the time he committed this offense.

[7]     Miles argues the trial court improperly used the seriousness of the offense as an aggravator and cites to *Walsman v. State*, 855 N.E.2d 645, 653 (Ind. Ct. App. 2006), which holds that the seriousness of the crime may only be used as an aggravator when the trial court is considering imposition of a sentence shorter than the presumptive. More recently, our Supreme Court observed that "the seriousness of the offense . . ., which implicitly includes the nature and circumstances of the crime as well as the manner in which the crime is committed, has long been held a valid aggravating factor." *Anglemyer*, 868 N.E.2d at 492.

[8]     Here, it is clear from the record that the trial court's reliance on the seriousness of Miles' offense as an aggravator was based on the nature and the circumstances of the crime. At sentencing, the trial court expressed its concern about Miles' escalating proclivity to commit indecent acts/sex offenses. The court discussed the nature of this offense as a touching of a child's buttocks and that it occurred just a short time after Miles had committed the offense of public indecency against a different victim. The trial court did not consider whether imposition of a reduced sentence would depreciate the seriousness of Miles' crime. Thus, this aggravator is not an improper aggravator, and the court did not abuse its discretion by relying on it.

[9]     Next Miles claims that the court erroneously considered the impact upon the victim and her family as an aggravating circumstance. In determining what sentence to impose for a crime, the court may consider as an aggravating circumstance that the harm, injury, loss, or damage suffered by the victim of an

offense was significant and greater than the elements necessary to prove the commission of the offense. Ind. Code § 35-38-1-7.1(a)(1) (2015). More specifically, if there is nothing in the record to indicate that the impact on the family and victim in a specific case is different than the impact on families and victims which usually occurs with such a crime, this separate aggravator is improper. *McElroy v. State*, 865 N.E.2d 584, 590 (Ind. 2007).

[10] Here, the pre-sentence investigation report reveals M.E.'s family's fear of being watched. It further detailed M.E.'s terror of riding the school bus, her fear of playing outside, her refusal to be out of sight of her parents, and her struggle with frequent nightmares since the incident. In order that M.E. could continue to ride the bus to school, the school altered the bus stop so that M.E. can board the bus directly in front of her house. Additionally, the report disclosed an incident that occurred two months prior to the instant offense in which Miles exposed himself to M.E. At the sentencing hearing, the trial court noted:

> Now I know the Court[']s not necessarily supposed to consider the impact if it's nothing more than what's sort of expected of these kind[s] of offenses. However, I think the impact has gone above and beyond what one might expect on a battery on a child. I mean here she's been emotionally scarred. She's afraid to go out of her own house because of this. She has to have a friend come meet her to meet the bus. And she feels afraid in her own, in her, inside of her own home, and it's affected the family for those same reasons. The school system had to change the bus route to ensure that this little girl feels safe on getting, on getting on the bus. . . . In a way, you robbed this little girl of her innocence because she no longer feels safe to stand around with

> her friends waiting for the bus. And I think that's a serious
> impact that this, that you've inflicted on this girl, this little girl.

Tr. pp. 156-57. The fears of M.E. and her family are well beyond the level of emotional and psychological trauma usually associated with the crime of battery. The trial court properly acted within its discretion to consider this as an aggravating factor.

[11] Finally, Miles asserts the court's finding in its written sentencing order that this offense occurred in the presence of other children is exaggerated. The transcript of the sentencing hearing discloses a simple comment of the trial court that "this happened in the early morning hours on a residential street where kids gather for the bus" but not a definitive finding of this as an aggravating circumstance in this case. "The approach employed by Indiana appellate courts in reviewing sentences in non-capital cases is to examine both the written and oral sentencing statements to discern the findings of the trial court." *McElroy*, 865 N.E.2d at 589. Thus, based upon the general nature of the trial court's comment at sentencing, we decline to treat this circumstance as an aggravating factor. Regardless, the trial court properly considered several other aggravating factors, and just a single aggravator is sufficient to support an enhanced sentence. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008).

## II. Inappropriate Sentence

[12] Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana

Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The principal role of appellate review under Rule 7(B) is to attempt to leaven the outliers, not to achieve a perceived "correct" result in each case. *Garner v. State*, 7 N.E.3d 1012, 1015 (Ind. Ct. App. 2014). In other words, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[13] To assess whether the sentence is inappropriate, we look first to the statutory range established for the class of the offense. Here the offense is a Level 6 felony, for which the advisory sentence is one year, with a minimum sentence of six months and a maximum sentence of two and one-half years. Ind. Code § 35-50-2-7 (2014). Miles was sentenced to two years, which is less than the maximum sentence allowed by statute.

[14]     Next, we look to the nature of the offense and the character of the offender. As to the nature of the current offense, we note that Miles, dressed in all black, approached eleven-year-old M.E. at her bus stop and touched her buttocks. As a result of this assault, M.E. is terrified to ride the bus to school or play outside in her yard, and she suffers from frequent nightmares.

[15]     With regard to the character of the offender, we observe that, as a juvenile, Miles was warned and released for an offense that would constitute battery if committed by an adult in 1999. In the same year, no action was taken on an offense that would constitute disorderly conduct. In late 1999, Miles was placed at an alternative high school due to truancy issues. The following year a truancy action was filed in which Miles was adjudicated a delinquent with supervised probation and counseling. In 2001, he was charged with intimidation, pointing a firearm, and dangerous possession of a firearm and was waived into adult court and convicted of intimidation as a Class D felony in 2002. Further, as an adult, Miles was convicted of battery resulting in bodily injury as a Class A misdemeanor (originally filed as a Class D felony) in 2007. Finally, just months prior to the present case, Miles committed public indecency as a Class A misdemeanor. Although the State indicated there were no mitigators, the court considered Miles' "good work history" and "strong family support." Tr. p. 155. Miles' criminal history, particularly his recent tendency toward indecent acts/sex offenses, reflects poorly on his judgment and any prior attempts at rehabilitation. Thus, we cannot say that Miles' sentence is inappropriate in light of the nature of the offense or his character.

# Conclusion

[16] For the reasons stated, we conclude that the trial court did not abuse its discretion in sentencing Miles and his sentence is not inappropriate given the nature of the offense and his character.

[17] Affirmed.

Bailey, J., and Crone, J., concur.